UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD ALLAN JOESPH CROWLEY, Plaintiff, v. PORTER COUNTY JAIL, WILLIAMS, and MEDICAL STAFF/MENTAL HEALTH STAFF, Defendants. | CAUSE NO. 2:22-CV-384-JTM-APR |

OPINION AND ORDER

Richard Allan Joesph Crowley, a prisoner without a lawyer, filed a complaint alleging he was denied constitutionally adequate medical treatment at the Porter County Jail. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Crowley may be able to state a claim, but he has not named proper defendants. The Porter County Jail is a building; it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Captain Williams is alleged to have not properly responded to his grievances, but "[p]rison grievance procedures are not mandated by

the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]" *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). The Porter County Jail Medical Staff/Mental Health Staff are not individually identified. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Crowley needs to file an amended complaint using the form the clerk will send him. In addition to naming proper defendants, he must provide facts showing how and why each named defendant is personally liable to him. This two paragraph complaint lacks specificity about the claims he is raising. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Richard Allan Joesph Crowley;

(2) GRANTS Richard Allan Joesph Crowley until **January 20, 2023**, to file an amended complaint on that form which addresses the issues raised in this order; and

(3) CAUTIONS Richard Allan Joesph Crowley if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: December 20, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3