UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICHARD ALLAN JOESPH CROWLEY,

     Plaintiff,

        v.                          CAUSE NO. 2:22-CV-384-JTM-APR

KIM,

     Defendant.

OPINION AND ORDER

Richard Allan Joesph Crowley, a prisoner without a lawyer, filed a second amended complaint alleging Mental Health Advocate Miss Kim denied him constitutionally adequate medical treatment for his mental illness at the Porter County Jail. (DE # 7.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively

unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation marks omitted).

Crowley presents three claims about how Kim violated his constitutional rights. In the first claim, Crowley alleges Kim *suggested* he continue to take medication even though it was causing him side effects. "[B]oth prescription and over-the-counter (OTC) drugs have side effects." *Finding and Learning about Side Effects*, U.S. Food & Drug Administration, https://www.fda.gov/drugs/information-consumers-and-patients-drugs/finding-and-learning-about-side-effects-adverse-reactions. It is not objectively unreasonable to *suggest* that someone continue taking a medication even though they are experiencing side effects. It was Crowley's decision whether to take that *suggestion* based on whether he believed the benefits of the medication exceeded the discomfort caused by the side effects.

In the second claim, Crowley alleges he suffered a mental breakdown after Kim ignored his requests for mental healthcare for eleven days. It is possible it was reasonable for her to have not responded to his requests (she could have believed he was faking or exaggerating, she might not have received them, she might have believed someone else was providing him mental healthcare), but it is plausible to infer that it was objectively unreasonable to not respond to him. Crowley will be permitted to proceed against Kim on the second claim, but under 42 U.S.C. § 1997e(e), his recovery is

limited to nominal[1] and punitive damages because his mental breakdown was not a physical injury. *See Hacker v. Dart*, 62 F.4th 1073, 1078-79 (7th Cir. 2023).

In the third claim, Crowley alleges Kim delayed his request to change his medication because the doctor would not approve the change. Kim was not the doctor who prescribed Crowley's medication. The complaint provides no basis for believing she had the authority to change his medication or prescribe him an alternative. It was not objectively unreasonable for her to not violate the law by prescribing medication when she was not licensed to do so.

For these reasons, the court:

(1) GRANTS Richard Allan Joesph Crowley leave to proceed against Mental Health Advocate Miss Kim in her individual capacity for nominal and punitive damages for ignoring his requests for mental healthcare for eleven days resulting in his having a mental breakdown in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mental Health Advocate Miss Kim at Quality Correctional Care, LLC, with a copy of this order and the second amended complaint (DE # 7);

---

[1] "[N]ominal damages not to exceed one dollar . . . ." *Carey v. Piphus*, 435 U.S. 247, 267 (1978).

(4) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mental Health Advocate Miss Kim to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 23, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT